UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DERRICK EARL MAJETTE, #295570

               Petitioner,

v.                              CIVIL ACTION NO. 2:05cv114

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

               Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, Derrick Earl Majette ("Majette"), was convicted by a jury in the Circuit Court for the City of Portsmouth, Virginia, on March 15, 2001, of robbery, malicious wounding, and two related counts of use of a firearm.  Majette was sentenced to serve a total of 53 years in prison, as reflected in the Court's Sentencing Order of May 2, 2001.

On September 14, 2001, Majette filed an appeal with the Court

of Appeals of Virginia, which was denied on the merits on November 8, 2001.  On November 26, 2001, Majette filed a petition for review by a three-judge panel; this petition was granted in part and denied in part on February 21, 2002.[1]  On August 20, 2002, a three-judge panel of the Court of Appeals of Virginia denied the appeal on the merits.[2]

Majette filed a petition for appeal with the Supreme Court of Virginia, which was received on September 23, 2002, and denied on February 4, 2003.  Majette filed a request for rehearing on February 12, 2003, which was denied by the Supreme Court of Virginia on April 18, 2003.  Majette did not file a petition for certiorari in the United States Supreme Court.

---

[1]The portion of the petition that granted an appeal concerned the questions:

> IV.  Whether the admission into evidence of the testimony of the victim from the preliminary hearing denied appellant the right to due process; and
>
> V.  Whether the trial court erred in admitting the testimony of the unavailable deceased victim from the transcript of the preliminary hearing because the interpreter was not appointed by the trial court.

Court of Appeals of Virginia, Record No. 1400-00-01, February 21, 2002.

[2]The Court of Appeals of Virginia's unpublished opinion affirming Majette's conviction is available at 2002 WL 1902625 (Va. App. Aug. 20, 2002).

On January 14, 2004,[3] Majette filed a petition for a writ of habeas corpus in the Circuit Court for the City of Portsmouth, which was dismissed on March 31, 2004, for not meeting the requisite standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).[4]  Majette noted his appeal of this decision with the Supreme Court of Virginia on April 22, 2004.[5]  He subsequently

---

[3]It appears from the record that Majette executed the petition on January 8, 2004, but it was not properly filed by the Clerk of the Court in the City of Portsmouth until January 14, 2004.

[4]The court stated:

> Counsel's performance is presumed to be "within the wide range of reasonable professional assistance" and must be judged without the "distorting effects of hindsight." Strickland, 466 U.S. at 689; accord Murray v. Griffith, 243 Va. 384, 389, 416 S.E.2d 219, 221 (1992).  Counsel's errors must have "actually had an adverse effect on the defense," such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.["] Strickland, 466 U.S. at 693-694. Moreover, because the habeas court considers the performance and prejudice elements separately, the court need not determine prejudice if the petitioner fails to establish deficient performance. See Strickland, 466 U.S. at 697; Sheikh [v. Buckingham Corr. Ctr.], 264 Va. [558,] 566-67, 570 S.E.2d [785,] 790 [(2002)].

Order, Circuit Court of the City of Portsmouth (No. L-04-92), March 31, 2005 ¶5.

[5]It appears from the record that Majette executed the notice on April 16, 2004, but it was not received by the Clerk of the Court until April 22, 2004.

filed his petition for appeal of this decision on June 7, 2004,[6] which the Supreme Court of Virginia summarily dismissed on October 14, 2004 for not containing all required information.

On February 9, 2005, while in the custody of the Virginia Department of Corrections at the Keen Mountain Correctional Center, Majette executed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[7]  The Court conditionally filed this

---

[6]It appears from the record that Majette executed the petition on June 2, 2004, but it was not received by the Clerk of the Court until June 7, 2004.

[7]Majette appears to have originally executed a federal petition for habeas corpus on February 9, 2005, but without utilizing the proper form.  The petition was postmarked February 10, 2005, and upon being forwarded to this Court, was conditionally filed on February 25, 2005.  The petition was accompanied by a supporting memorandum, but without the $5.00 filing fee or a request to proceed in forma pauperis.  The undersigned Magistrate Judge sent a letter on March 7, 2005, to the Warden, Keen Mountain Correctional Center, requesting the status of Majette's prison account to determine whether he qualified to proceed in forma pauperis.  After receiving that accounting on March 17, 2005, the undersigned Magistrate Judge then entered an order on March 18, 2005, directing Majette to set out his allegations on the proper form and to file the amended petition within thirty (30) days of the order, along with either the $5.00 filing fee, a request for an extension for the filing fee, or a justification for being unable to pay the filing fee.  Majette paid the $5.00 filing fee on April 11, 2005, but did not submit an amended petition within the ordered 30 days.  On May 25, 2005, the undersigned Magistrate Judge ordered that Majette would have an additional 30 days in which to file his amended petition because he had paid the filing fee.  Pursuant to that Order, Majette executed the instant petition on the proper form on June 6, 2005, which was postmarked on June 8, 2005, and filed with this Court on June 10, 2005.  On June 16, 2005, the undersigned Magistrate Judge entered an order confirming that the instant petition had been received and filed on June 10, 2005.  This order also amended Majette's petition to substitute as the sole respondent in this proceeding Gene M. Johnson, Director of the Virginia Department of Corrections.

petition on February 25, 2005.  On June 10, 2005, the Court filed Majette's amended petition.  On July 13, 2005, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J).[8]

### B. <u>Grounds Alleged</u>

Majette now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

> (a)  He was denied his sixth and fourteenth amendment rights to effective assistance of counsel at his preliminary hearing because of his counsel's failure to object to the use of a French interpreter whose numerous mistakes exceeded the range of accuracy required by due process;[9]

---

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.

In this case, as there is no evidence in the record to suggest that Majette delivered his first habeas petition for mailing on any other day, the Court will assume that he delivered it for mailing on February 9, 2005, the date on which he signed it.  <u>See</u> <u>Lewis v. Richmond City Police Dept.</u>, 947 F.2d 733, 735-36 (4th Cir. 1991).

[8]The Notice of Motion Pursuant to Local Rule 7(J) advised Majette that he had twenty (20) days to file a response to the Motion to Dismiss.  This Notice was mailed to Majette on July 12, 2005.  Majette did not file a response.

[9]Majette was represented at his preliminary hearing by William R. Brown, Esq., a public defender.  The government's main witness was the victim of the alleged crime, Mr. Ridah Mejri, whose primary language was Arabic. Mr. Mejri brought a friend and part-owner of his store with him to the preliminary hearing with the intention that this friend would perform as his interpreter.  Majette's co-

(b)　He was denied his sixth and fourteenth amendment
rights to effective assistance of counsel at trial
because of his trial counsel's failure to assert
ineffective assistance of counsel to prevent the
court from allowing the use of a transcript from
Majette's preliminary hearing;[10]

(c)　He was denied his sixth and fourteenth amendment
rights to effective assistance of counsel on direct
appeal because of his counsel's failure to include,
as a basis for that appeal, ineffective assistance
of counsel during the preliminary hearing.[11]

---

defendant's attorney objected to the use of the friend as
interpreter due to bias.  The court sustained the objection and
allowed the use of a French interpreter because Mr. Mejri had been
born in France and was also able to speak French.  Majette's
attorney did not object to the use of either interpreter.

[10]While Majette was represented by Mr. Brown at his preliminary
hearing, the court appointed S.H. Weaver, Esq., as counsel for
trial and direct appeal.  As the first ground in the instant
petition, Majette has asserted that Mr. Brown was ineffective
because he did not object to the use of a French interpreter for a
key preliminary hearing witness.  Between the preliminary hearing
and trial, that witness died and the trial court granted the
government's request to use the victim's preliminary hearing
transcript in lieu of testimony.  Mr. Weaver objected to the use of
this transcript on several grounds, but did not include as an
objection that Mr. Brown, Majette's counsel for the preliminary
hearing had been ineffective.  Here, Majette asserts that because
Mr. Weaver did not include in his objection that Mr. Brown was
ineffective counsel, Mr. Weaver was thereby ineffective himself.

[11]See supra note 11.  Majette's direct appeal that was filed
with Mr. Weaver's assistance asserted that reading the preliminary
hearing transcript into evidence during the actual trial denied
Majette due process.  In denying Majette's appeal, the Virginia
Court of Appeals found that the quality of the interpretation was
sufficiently accurate to satisfy due process, but also pointed out
that had Majette objected during the preliminary hearing, the court
would have had an opportunity to satisfy his concerns.  Majette v.
Commonwealth, 2002 WL 1902625 (Va. App. Aug. 20, 2002), at *1 n.5,
*3.  Majette asserts in the instant petition that the direct appeal
should also have alleged ineffective assistance of counsel because
of Mr. Brown's failure to object to the use of the interpreter.
Because it did not, Majette asserts, Mr. Weaver was ineffective as

Majette's petition for a writ of habeas corpus, filed in the Circuit Court for the City of Portsmouth on January 14, 2004, asserted essentially the same claims for relief as alleged in the instant petition.[12]  That court denied and dismissed the petition on March 31, 2004, for not meeting the requisite standard set forth in Strickland,[13] and the Supreme Court of Virginia refused the petition for appeal on October 14, 2004, because it did not list the specific error(s) of the lower court proceedings as required by Virginia Supreme Court Rule 5:17(c).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Majette's habeas corpus petition because the Court FINDS that the claims are procedurally defaulted before this Court and that the petition is barred by the statute of limitations.

### A. Procedural Default

---

appellate counsel for not including such grounds in that appeal.

[12]Majette asserted additional errors in the memorandum attached to his federal habeas petition that were not specifically listed on the petition form.  These errors were also raised on direct appeal and included with Majette's state habeas petition and appeal.  (For the state habeas petition, they were included as a handwritten two-page list of errors.  For the state habeas appeal, they were included in a memorandum similar to the one provided for the federal habeas petition.)  These errors were decided adversely to Majette on direct appeal.  In the order dismissing the state habeas petition, the court refused to consider these alleged errors because substantive errors addressed on direct appeal cannot be litigated again in a habeas proceeding, and the alleged errors presented no grounds for finding trial counsel ineffective.

[13]See supra note 4.

Generally, a § 2254 petitioner must exhaust his claims in state court before they may be heard in federal court.  Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997).[14]  If his claims were not exhausted

---

[14]A petitioner typically meets this exhaustion requirement by "fairly present[ing] his claim to the state's highest court." Matthews, 105 F.3d at 911.  The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  O'Sullivan v Boerckel, 526 U.S. 838, 846 (1999). Where a petitioner presents a claim in federal court that was not previously presented in state court, but that claim would now be barred from consideration by the state court under state procedural rules, federal courts have generally followed one of two different approaches.  Under the first approach, the court considers the exhaustion requirement met because state remedies are unavailable.  See Teague v. Lane, 489 U.S. 288, 297-98 (1989) ("It is clear that collateral relief would be unavailable to petitioner. As a result, petitioner has exhausted his state remedies under 28 U.S.C. § 2254(b) . . . .") (citation omitted); Matthews, 105 F.3d at 911 ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration if the claim was later presented to the state court.") (citations omitted).  The second approach simply holds that exhaustion is not required if there is a procedural bar to bringing the claim in state court. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991):

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

See also Clagett, 209 F.3d at 378; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) ("[W]hen it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded.").  This Report and Recommendation adopts the latter approach as Clagett is the more recent expression of the

in state court, but would now be procedurally barred if brought in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

The Court finds that Majette's petition is procedurally defaulted in this Court because he failed to properly present his appeal of the denial of his state habeas petition to the Supreme Court of Virginia.  Were he now to raise those claims in the Supreme Court of Virginia, his claims would be procedurally defaulted under Virginia law.  <u>See</u> <u>Mueller v. Angelone</u>, 181 F.3d 557, 583-84 (4th Cir. 1999) (recognizing Supreme Court of Virginia's conclusion that state habeas claims were procedurally defaulted for failure to comply with Va. Sup. Ct. R. 5:17(c)).  The Fourth Circuit has held that this procedural rule is an independent and adequate state law ground for rejecting a habeas petitioner's claims, barring federal habeas review.  <u>Id.</u> at 584; <u>Yeatts v. Angelone</u>, 166 F.3d 255, 263-64 (4th Cir. 1999); <u>see also</u> <u>Wise v. Williams</u>, 982 F.2d 142, 143 (4th Cir. 1992); <u>Whitley v. Bair</u>, 802 F.2d 1487, 1500 (4th Cir. 1986).  Thus, Majette's petition is procedurally defaulted before this Court as well.

---

rule by the Fourth Circuit, which likewise relies on the more recent expression of the United States Supreme Court on the matter. Notably, the same result is reached under either approach: Majette's's claims are procedurally defaulted in federal court.

### B. <u>Limited Exceptions to Procedural Default</u>

Although Majette's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. <u>Clagett</u>, 209 F.3d at 379 (citing <u>Coleman</u>, 501 U.S. at 750); <u>Weeks</u>, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) a novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

<u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. <u>See</u> <u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Majette simply failed to properly appeal the circuit court's dismissal of his state habeas petition to the Supreme Court of Virginia. He provides no explanation for his failure to do so.

Indeed, even were the Court to construe Majette to argue that he should be excused for his unfamiliarity with the legal system and his <u>pro se</u> status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). <u>See, e.g.</u>, <u>Dellinger v. Bowen</u>, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), <u>cert. denied</u>, 537 U.S. 1214 (2003); <u>Washington v. James</u>, 996 F.2d 1442, 1447 (2nd Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

The Court does not consider the "miscarriage of justice" exception. It is the petitioner's burden to establish this exception and Majette does not assert that he is "actually innocent" of the crime for which he was convicted. <u>See, e.g.</u>, <u>Wright</u>, 151 F.3d at 160.

Accordingly, the Court FINDS that the claims raised in the instant petition are procedurally barred before this Court, and recommends that the petition should be DENIED.

## C. __Statute of Limitations__

Majette's petition is also barred by the statute of limitations.  The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Majette would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief.  His conviction became final on July 17, 2003, which was ninety (90) days after the April 18, 2003, denial of his petition for appeal rehearing by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Therefore, without considering any tolling provisions, infra, Majette had until July 17, 2004, to file his federal petition for a writ of habeas corpus.  Majette did not execute the instant federal petition until February 9, 2005,[15]

---

[15]As noted supra, the original federal corpus petition was executed by Majette on February 9, 2005, even though the petition

which was approximately 210 days outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending.  28 U.S.C. § 2244(d)(2).  Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).  This tolling provision does not, however, apply to federal habeas petitions.  Duncan v. Walker, 533 U.S. 167, 172 (2001).[16]

An application for state post-conviction review is "properly

_____

was not ultimately completed on the proper form and properly filed with the Court until June 10, 2005.

[16]The Supreme Court in Duncan v. Walker, 533 U.S. 167, 172 (2001), held that a federal habeas petition is not an "application for state post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "state" applies to the entire phrase "post-conviction or other collateral review."  As such, only state "other collateral review" tolls the limitation period.  Id.

filed" not merely when it is delivered or accepted by the relevant court. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Id.</u> Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. <u>Id.</u> at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[17] On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9.

In this case, the record reflects that on January 14, 2004 Majette's application for state habeas relief was properly filed within the meaning of § 2244(d)(2). Thus, the statute of

---

[17]<u>See also</u> <u>Osborn v. Dotson</u>, 2002 WL 32443533 at * 2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); <u>Christian v. Baskerville</u>, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

limitations was tolled for 77 days during the time that Majette's state habeas petition was pending, from the date it was filed, January 14, 2004, until March 31, 2004, when the state habeas court dismissed the petition.  This tolling extended the time for Majette to file his federal habeas corpus petition to October 1, 2004.[18]

On the other hand, Majette's appeal of the state habeas petition to the Virginia Supreme Court was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c).[19]  No tolling of the statute of limitations was available for the time that Majette's state habeas appeal was pending.  Thus, the statute of limitations was never tolled after March 31, 2004, the date on which Majette's state habeas petition was dismissed.[20]  The deadline for Majette to file his federal

---

[18]There were 181 days between July 17, 2003, the date of Majette's final conviction, and January 14, 2004, the date Majette filed his state habeas petition, leaving 184 days on the one-year statute limitations period.  The limitation period was then tolled 77 days until the state court's March 31, 2004, denial and dismissal of the state habeas petition.  This meant that the federal petition must have been filed on or before October 1, 2004 (184 days after the denial of the state habeas petition.)

[19]Christian, 232 F. Supp. 2d at 607 (where state habeas appeal was dismissed by Virginia Supreme Court on procedural grounds for failure to contain assignments of error, the statute of limitations was not tolled because the state habeas petition was not "properly filed.")

[20]The Court notes that if Majette were entitled to a tolling period during the pendency of his state petition for appeal of his writ of habeas corpus in the Circuit Court for the City of Portsmouth, the tolling would be sufficient to render Majette's federal petition timely.  There were 197 days between March 31, 2004, the date upon which Majette's state habeas petition was

appeal for habeas corpus remained October 1, 2004, <u>supra</u>, and he
was approximately 131 days after and outside the limitation period
when he executed the petition on February 9, 2005.[21]

---

dismissed, and October 14, 2004, the date the Virginia Supreme
Court dismissed the appeal of that decision.  If the appeal had
been properly filed, therefore, Majette would have been entitled to
another 197 days of tolling of the statute, for a total of 274
days.  In that case, the federal petition would not have been due
to be filed until on or before April 16, 2005 (184 days after
October 14, 2004, the date on which the Supreme Court of Virginia
dismissed the appeal of the state habeas petition).    Majette
executed the federal habeas petition on February 9, 2005, which was
within this window.  Nevertheless, the petition would still remain
procedurally barred, <u>supra</u> Section II.A., and would be in any event
without merit, <u>infra</u> n.22.

[21]The Court notes that while Majette's state petition for
habeas corpus was filed by the Circuit Court for the City of
Portsmouth on January 14, 2004, the day on which the Court
apparently received the petition, the petition appears to have been
executed on January 8, 2004.  As noted <u>supra</u>, the Fourth Circuit
has expressly refrained from deciding whether the prison mailbox
rule applies to the filing of federal collateral review
applications, much less whether it applies to such state filings.
<u>See</u> <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001);
<u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000).
Other federal courts are divided on whether the prison mailbox rule
applies to determining the date on which properly completed state
petitions are considered "properly filed" for the purpose of the
tolling provision.  <u>Compare</u> <u>Huizar v. Carey</u>, 273 F.3d 1220, 1223
(9th Cir. 2001) (noting that the prison mailbox rule applies to
prisoners filing habeas petitions in both federal and state
courts), <u>and</u> <u>Fernandez v. Artuz</u>, 175 F. Supp. 2d 682, 684, 687
(S.D.N.Y. 2001) (applying the prison mailbox rule to state post-
conviction filings), <u>with</u> <u>Coleman v. Johnson</u>, 184 F.3d 398, 402
(5th Cir. 1999) (declining to extend the prison mailbox rule to
state habeas filings), <u>and</u> <u>Childs v. Zavaras</u>, 90 F. Supp. 2d, 1141,
1148-49 (D. Colo. 1999) (assuming, but not deciding, that the
prison mailbox rule would apply to state habeas filings).
    The Court further notes that a Virginia Supreme Court Special
Rule, effective September 1, 2004, recognizes a prison mailbox rule
for inmate filings in the Virginia trial courts: a paper is timely
filed by an inmate when "deposited in the institution's internal
mail system with first-class postage prepaid on or before the last

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.[22]

---

day of filing." Va. Sup. Ct. R. 3A:25. The Court declines to extend the prison mailbox rule to the filing of Majette's state habeas petition, which occurred prior to the enactment of the rule. Even if the rule were applied, however, Majette would be entitled to a filing date of January 8, 2004 and the tolling period applicable to these proceedings would have only been extended for six (6) days (from October 1, 2004 to October 7, 2004). This would not have affected the untimeliness of Majette's petition. Majette's petition for a writ of habeas corpus in this Court would still have been filed no less than 125 days after and outside the applicable limitation period.

[22]The Court also notes that Majette's claim is without merit. Majette raised here the same ineffective assistance of counsel claims as he did in his state habeas petition, which were rejected by the state habeas court under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The state court's decision is considered an adjudication on the merits of the claim, and therefore is entitled to deference in this Court. <u>See</u> 28 U.S.C. § 2254(d) (state court decision entitled to deference unless the federal court finds it was contrary to, or an unreasonable application of, a clearly established U.S. Supreme Court decision, or based on an unreasonable determination of the facts of the case); <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000); <u>Bell v. Jarvis</u>, 236 F.3d 149, 158 (4th Cir. 2000). Under the two-prong test of <u>Strickland</u>, the petitioner must prove both ineffective assistance (incompetence) and prejudice as a result thereof. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986). To grant relief, therefore, the state court had to find: (1) Majette's lawyers' performance fell below the range of competence demanded of lawyers in criminal cases, <u>Strickland</u>, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, <u>id.</u> at 694. Also, a reviewing court need not consider the two prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. <u>Id.</u> When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. <u>See id.</u>

In this case, none of Majette's claims of ineffective assistance of counsel are meritorious. As to the first claim, that his counsel at the preliminary hearing failed to object to the court's use of a French interpreter when the victim spoke Arabic,

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Majette's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Majette's claims be DISMISSED WITH PREJUDICE.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and

---

there has been no showing that counsel had any basis to object to the interpreter or that counsel's decision not to object was improper. Moreover, there has been no showing that any such objection would have had an impact on the outcome of the trial. The victim, who also spoke French, was apparently satisfied with the skills of the interpreter, and counsel could not have predicted that the victim would die before trial and that the preliminary hearing transcript would be used to memorialize the victim's testimony for trial. Similarly, as to the second claim, that trial counsel failed to raise counsel's performance at the preliminary hearing as grounds for excluding the transcript of the deceased's victim's at trial, Majette fails to satisfy either prong of the <u>Strickland</u> test. The use of the interpreter and the admissibility of the victim's preliminary hearing transcript were raised at the trial court and on appeal, and both were decided against Majette. Counsel is not ineffective simply because the client is unhappy with the results at trial. <u>See</u> <u>Wright v. Angelone</u>, 151 F.3d 151, 161 (4th Cir. 1998). Finally, Majette's third claim, that counsel on direct appeal failed to raise counsel's performance at the preliminary hearing as grounds for appeal, is without merit because claims of ineffective assistance of counsel cannot be raised on direct appeal of a criminal conviction. <u>See</u> <u>Roach v. Commonwealth</u>, 251 Va. 324, 335 n.4 (1996). Accordingly, appellate counsel had no basis for raising any such objection, and, had he done so, it would have been overruled without any impact on the outcome of the proceedings.

recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                          /s/
_____    _____
                                    F. Bradford Stillman
                                    United States Magistrate Judge

Norfolk, Virginia

February 6, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

        Derrick Earl Majette, #295570
        Keen Mountain Correctional Center
        P.O. Box 710
        Keen Mountain, Virginia 24624
        PRO SE

        Kathleen B. Martin, Esq.
        Assistant Attorney General
        Office of the Attorney General
        900 E. Main Street
        Richmond, Virginia 23219




                            Elizabeth H. Paret, Clerk


                  By: _____
                      Deputy Clerk

                      February    , 2006

20